IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KEVIN M. KEAY,

                      Plaintiff,

      v.

PIZZA HUT HQ,

                      Defendant.

No. 3:16-cv-1834-HZ

OPINION & ORDER

Kevin M. Keay
1240 SW Columbia
Portland, OR 97201

      Plaintiff Pro Se

HERNÁNDEZ, District Judge:

      Pro se plaintiff Kevin Keay brings this action against Pizza Hut HQ. Plaintiff moves to proceed *in forma pauperis*. Because he has no appreciable income or assets, the Court grants the motion. However, for the reasons explained below, the Court dismisses the Complaint.

STANDARDS

A complaint filed *in forma pauperis* may be dismissed at any time, including before

service of process, if the court determines that:

> (B) the action or appeal–
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such
>     relief.

28 U.S.C. § 1915(e)(2); see also Neitzke v. Williams, 490 U.S. 319, 324 (1989) (*sua sponte*

dismissals under section 1915 "spare prospective defendants the inconvenience and expense of

answering" complaints which are "frivolous, malicious, or repetitive"); Lopez v. Smith, 203 F.3d

1122, 1126 n.7 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not

just those filed by inmates). A complaint is frivolous "where it lacks an arguable basis in law or

in fact." Neitzke, 490 U.S. at 325; Jackson v. State of Ariz., 885 F.2d 639, 640 (9th Cir. 1989).

As the Ninth Circuit has instructed however, courts must "continue to construe pro se

filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A pro se complaint filed

"'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id.

(quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam)). A pro se litigant will be given

leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot

be cured by amendment. Lopez, 203 F.3d at 1130–31.

DISCUSSION

I.    Allegations

The entirety of Plaintiff's complaint is as follows:

While in Taiwan teaching I got home late and ordered a tomatoe + cheese pizza it came
and first bite I took I broke teeth on chicken brest bones placed under the cheese (2005)
They sent me to a dentist who over days did 2 root canals and 2 filling. The did not pay
me for lost time or cost to fix now. I have lost all lower molars and cracks in all teeth

Compl. 1, ECF 2. Plaintiff indicates that both he and "Pizza Hut HQ" reside in Multnomah County and they are both citizens of Oregon. Compl. 2. As to the nature of the suit, Plaintiff marks checkboxes indicating that his action is one of personal injury/product liability and disability discrimination. Id. Plaintiff also marks checkboxes indicating that the basis for federal court jurisdiction is both "federal question" and "diversity." Id.

II.    Jurisdiction

Federal courts are courts of limited jurisdiction. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005). Federal jurisdiction may be based on the presence of a federal question or on diversity of citizenship. 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction may exist where a claim involves the Constitution, laws, or treaties of the United States.  28 U.S.C. § 1331.  For jurisdiction to exist by reason of diversity, the matter in controversy must exceed the sum or value of $75,000, and the action must be between citizens of different states. 28 U.S.C. § 1332(a).

In his complaint, Plaintiff indicates that the basis for jurisdiction is "federal question" but he cites no federal constitutional, statutory, or treaty right at issue in the case. Plaintiff marked the box titled "Amer. w/Disabilities-Other." Compl. 2. However, he provides no facts from which the Court could identify or infer which federal question Plaintiff asserts or how his complaint, as written, could be construed to state a claim of disability discrimination. The other box checked by Plaintiff, "Personal Injury-Product Liability," similarly does not present a federal question.

As to diversity jurisdiction, Plaintiff alleges that both he and Defendant are citizens of Oregon. Thus, to the extent Plaintiff seeks damages for state law or tort claims, this court lacks

jurisdiction to hear those claims because complete diversity among all parties is not present. <u>See</u> <u>Exxon Mobile Corp.</u>, 545 U.S. at 552.

Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's Complaint, and must therefore dismiss the Complaint. <u>See</u> Fed.R.Civ.P. 12(h)(3) (court is required to dismiss an action if the court determines that it lacks subject matter jurisdiction); <u>Scholastic Entm't, Inc. v.</u> <u>Fox Entm't Group, Inc.</u>, 336 F.3d 982, 985 (9th Cir. 2003).

CONCLUSION

Plaintiff's motion to proceed <i>in forma pauperis</i> [1] is granted. Plaintiff's Complaint [2] is dismissed. Plaintiff may file an amended complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiff is advised that failure to file an amended complaint which cures the deficiencies noted shall result in the dismissal of this proceeding, with prejudice.

IT IS SO ORDERED.

Dated this _____ day of October, 2016.


_____
MARCO A. HERNÁNDEZ
United States District Judge